Filed 11/12/21  P. v. Parks CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ANDRE PARKS,<br><br>    Defendant and Appellant. | C092561<br><br>(Super. Ct. No. 95F08570) |

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

In 1997, defendant Charles Andre Parks was convicted of first degree burglary (Pen. Code, § 459)[1] and attempted burglary (§§ 664/459).

In 2014, California voters enacted Proposition 47 (Prop. 47), which created a resentencing provision codified at section 1170.18 that permits a person serving a

---

[1]    Undesignated statutory references are to the Penal Code.

1

sentence for certain designated felonies to petition for recall of the sentence to reduce a felony to a misdemeanor.

Defendant sought application of Prop. 47 to his attempted burglary conviction, but the trial court denied relief because attempted burglary is not among the eligible offenses listed in section 1170.18. We affirmed. (*People v. Parks* (Feb. 27, 2017, C081928) [nonpub. opn.].)

In October 2019, defendant filed another Prop. 47 petition, which the trial court denied.

Defendant appealed from that order.

## DISCUSSION

Appointed counsel for defendant asked this court independently to review the record pursuant to *Wende*. Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Upon counsel's request, we extended by one month the time for defendant to file a supplemental brief. More than 60 days have elapsed since the opening brief was filed, and defendant has not filed a supplemental brief.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed.2d 493] apply to an appeal from an order denying a petition brought under section 1170.18 is an open question. Our Supreme Court has not spoken on that issue. In *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted October 14, 2020, S264278, the court ruled *Wende*/*Anders* procedures do not apply to an appeal from the denial of "postconviction relief," and dismissed an appeal as abandoned because the defendant did not file a supplemental brief. (*Id.* at pp. 1028, 1040.)

In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870, a panel of this court agreed with *Cole*, and dismissed as abandoned an appeal where defendant's counsel requested *Wende* review from denial of a motion for

2

postconviction relief,[2] and defendant failed to file a supplemental brief.  (*Id*. at pp. 110-111, 113.)

Thus, because defendant has not filed a supplemental brief in his appeal from the denial of postconviction relief, we dismiss the appeal as abandoned.

DISPOSTION

The appeal is dismissed.

_____/s/_____<br>
RAYE, P. J.

We concur:

_____/s/_____<br>
DUARTE, J.

_____/s/_____<br>
HOCH, J.

---

[2]     Pursuant to section 1170.95.